[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this action were divorced in Maine on December 22, 1992. With regard to the three minor children of the marriage — Courtney, dob May 23, 1984; Danielle, dob January 11, 1988; Jilian, dob January 11, 1991 — the Court ordered shared parental rights and responsibilities with primary residence with the defendant (wife).
Because of "evidence which tends to show incidents of abuse of the two older children by the plaintiff" (husband), the Court ordered that his visitation be supervised and set out orders concerning said visitation. At that time the wife had already relocated to Connecticut with the three children while the husband continued to reside in Maine.
In December, 1992 the wife filed the Maine judgment in the Judicial District of Tolland and thereafter various motions were filed by the parties.
On June 20, 1994, the Maine Court found that Connecticut is the more convenient forum in the interests of the children and relinquished jurisdiction of the matter to Connecticut.
On July 12, 1994, the wife moved to modify the Maine judgment to award her, inter alia, sole custody of the minor children, with supervised visitation to occur only in Connecticut.
On August 3, 1994, the Superior Court for the Tolland Judicial District (Kaplan, J.) appointed Thomas Fiorentino as attorney for the minor children and set forth an order for supervised visitation. The Court also directed Attorney Fiorentino to investigate appropriate supervisors and referred the case to Family Relations for evaluation.
On August 22, 1994, Attorney Fiorentino's appointment was CT Page 8874 vacated because of possible conflict of interest and Attorney Harold Cummings was appointed to replace him.
On August 23, 1994, the wife filed a Motion to Modify the visitation orders entered on August 3, 1994 on the basis that she was not given an opportunity to be heard on the earlier date. (She had requested a continuance but that was denied). Also, on September 9, 1994, she moved to stay the orders of August 3, 1994.
The husband, on June 30, 1994, also moved to modify the judgment by, inter alia, terminating the requirement for supervised visitation, or in the alternative, requiring the wife to bear the costs of the supervisors.
These motions and some ancillary matters were originally scheduled for hearing in September and continued by agreement to October 19, 1994.
On September 15, 1994, Attorney Cummings also moved to modify the order of August 3, 1994.
On October 19, 1994, the various issues of visitation and custody were continued to November 23, 1994. However, on November 23, 1994 the matters were not ready for hearing and the Court essentially continued the order of September 12, 1994 whereby the parties had agreed to supervised visitation in Connecticut. The Court did however clarify part of the order which gave the husband credit toward unpaid child support until September 21, 1994 for the costs of supervision, by ordering that he should henceforth bear the costs of the supervisors.
Various motions were filed between November 1994 and May 1995 when the evidentiary hearing commenced.
As to the issue of custody, this Court concludes that the best interests of the children mandate that the wife should be the sole custodial parent for the following reasons:
On or about April 15, 1994, the husband was convicted in GA 19 of two counts of sexual assault, 4th degree. The factual allegations are based on contact with the intimate (genitalia area) of his two older children for the purpose of his sexual gratification, or to humiliate and degrade the victims (General Statutes §§ 53a-65(3); 53a-73a. CT Page 8875
He was sentenced to consecutive one year terms for an effective sentence of two years, execution suspended, and probation for three years with specific conditions of sex offender counseling or treatment to commence within three months. Other conditions concerning treatment were imposed, but sex offender treatment was the gist of the order (Docket No. CR-91-45339 and CR-92-48812). The fact that he entered "alford" pleas to these charges does not alter the fact of conviction. The conviction is a material change in circumstances since the divorce was granted and this Court cannot conclude that the best interest of these children would be facilitated by their abuser being in a custodial position. It is acknowledged that the youngest child was not abused by the husband, but it is logical to assume she could be at risk. In addition the husband and wife do not communicate on any meaningful level. They are separated by hundreds of miles and the husband has exercised the visitation rights he does have only sporadically. The joint decision-making contemplated by an order of joint custody with regard to the children will not occur under the circumstances of this case. Joint custody is clearly not workable nor appropriate.
The attorney for the minor children also recommends that custody be solely with the wife.
Accordingly, custody, both legal and physical, of the minor children is awarded to the defendant wife.
The Court will continue its order for supervised visitation in Connecticut for a period of between two and four hours weekly upon 48 hours prior notice to the defendant. The husband shall be responsible for the costs of such visitation. The Court believes, from the testimony, that such visits should be supervised by professional visitation supervisors as available through AMPS Corp. or the Exchange Club, or an equivalent organization.
The husband's friends or any family members are not considered to be suitable supervisors. All testified that they disbelieve the husband's guilt. With the denial expressed, this court would have concern that they would or could appropriately monitor the visits. (It is noteworthy that according to testimony presented in the Maine Court from one of the children, one instance of abuse took place while the wife was at home, but in another room).
Professional supervisors, on the other hand, are trained to look for signs of stress or tension, and to recognize inappropriate conversation which might not be apparent to an untrained person. CT Page 8876
This Court is also concerned about the lack of meaningful reports concerning the husbands sex offender treatment. He did not commence counseling within three months as ordered. (This Court granted him an extension because he was having trouble finding a treatment provider, given his stance of denial).
At the time of the hearing on these motions, he had just started with a program in Maine, but we had no substantial progress reports and, disturbingly, the attorney for the minor children reported that the husband had withdrawn his authorization for treatment reports from the Maine treating agency which he previously granted, (Klinikos).
The plaintiff's motion to audio/video therapy sessions with the children's counselor appears to have been withdrawn. If not, however, it is denied as the need to do so has not been demonstrated.
Supervised visits may be video-taped if that service is available, and at the husband's expense.
Klaczak, J.